

March 28, 2023

> Application granted in part. The time for Defendants to answer or otherwise respond to the complaint under FRCP 81(c) is extended to 4/11/2023. Plaintiff shall file via ECF a response to Defendants' 3/28/2023 letter (Doc. 4) by 4/4/2023. Plaintiff shall enter an appearance via ECF so as to receive NEFs of the filings in this action. Defendants are directed to serve a copy of this Order on Plaintiff.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         March 28, 2023

**VIA CM-ECF**

United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Attention:   Judge Philip M. Halpern

Re:   *Cruise/Bracken v. Cabrini of Westchester and St. Cabrini Nursing Home*
      Case No.       :       7:23-cv-02462
      Our File No.   :       20355.00160

Dear Honorable Judge Halpern:

This office represents Defendants Cabrini of Westchester and St. Cabrini Nursing Home. Please accept this letter motion to request a stay of the above-referenced case, which was removed from New York State Supreme Court to the Southern District of the United States District Court on March 23, 2023. We also respectfully request that defendants' time to answer be stayed or extended, for the reasons outlined below.

In lieu of any motion to dismiss or motion to remand, we believe it would be more prudent to hold motion practice in abeyance pending resolution of the appeals pending before the Second Circuit Court of Appeals in the matters captioned Rivera-Zayas v. Our Lady of [Consolation] (Docket 21-2164) and Leroy v. Hume (Docket 21-2158, 21-2159). The questions of law before the Second Circuit in these appeals relating to a suit against a nursing home are: (1) whether state law claims alleging injury relating to the administration of COVID-19 countermeasures to prevent, diagnose and/or treat COVID-19 "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act and specifically whether claims relating to willful conduct are pre-empted; (2) whether such claims "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because, under Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing., 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) whether defendants, a nursing home, subject to such claims are

1133 Westchester Avenue | White Plains, NY 10604 | p 914.323.7000 | f 914.323.7001 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

281416740v.1

persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l) and are, therefore, entitled to remove those cases to a federal district court to assert a federal defense.

It would be judicially economical to hold any motion practice relative to this matter in abeyance pending the resolution of the appeals, which concern the scope and the breadth of the PREP Act in terms of subject-matter jurisdiction, embedded federal question jurisdiction, and federal officer removal jurisdiction.

On March 20, 2023, the Second Circuit granted Defendant's motion to hold appeal in abeyance until 60 days after the mandate issues in Leroy v. Hume (No. 21-2158), and Rivera-Zayas v. Our Lady of Consolation (No. 21-2164) in both the Fisher v. Rome Center LLC, DBA The Grand Rehabilitation and Nursing at Rome (No. 22-3140) and Maranino/Troise v. Cabrini of Westchester, DBA St. Cabrini Nursing Home (No. 22-3239) cases.

Accordingly, we respectfully request that this court stay this matter, including any potential motion to remand and/or motion to dismiss, pending a ruling by the Second Circuit in these cases that will directly impact the issues at hand. We propose informing the court of the decision in those cases within one week of any decision and providing this court with a courtesy copy. Should the court decline our request to stay this matter, we ask that the court set a briefing schedule relative to a FRCP Rule 12(b)(1) and (6) motion to dismiss.

In her November 2, 2022 complaint, plaintiff's proposed administrator alleges that defendants failed to prevent decedent from contracting COVID-19, resulting in his death. In addition, plaintiff brings into question the sufficiency of defendants' use and administration of covered countermeasures and alleges that the nursing home failed to properly: implement and follow procedures in the prevention of transmission of the virus; test him for COVID-19; and treat the decedent's symptoms until his death on April 23, 2020.

The Complaint is deficient as a matter of law because: plaintiff may lack capacity to sue as a proposed administrator; defendant is a covered entity by virtue of its licensure as a skilled nursing facility in New York and because it developed a program to carry out COVID-19 prevention and mitigation and administered covered countermeasures pursuant to the Public Readiness and Emergency Preparedness Act ("PREP Act") and the Declaration issued by the Secretary of the U.S. Department of Health & Human Services ("HHS") invoking the PREP Act. Thus, defendants are entitled to immunity, and this action should be dismissed with prejudice.

These allegations are within the intended breadth of the application of the PREP Act. *See* Declaration, 85 Fed. Reg. at 15,201. Indeed, the Declaration defines "administration" broadly to extend beyond the physical distributions of COVID-19 countermeasures to the "management and operation of countermeasure programs, or management and operation of locations for [the] purpose of distributing and dispensing countermeasures." *See id*. at 15,202. Cypress Garden Center for Nursing and Rehabilitation did indeed develop a COVID-19 countermeasure program, enacted policies thereunder, held educational training sessions for staff and followed the guidance of the state regulators to meet the mandates issued by the CDC and CMS regarding the use and administration of countermeasures in an effort to prevent and mitigate the spread of the virus. In

1133 Westchester Avenue | White Plains, NY 10604 | p 914.323.7000 | f 914.323.7001 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

281416740v.1

the Advisory Opinions issued since the start of the pandemic, HHS specifically stated that the PREP Act is also invoked by even the alleged failure to act or inaction, where the non-use was the result of conscious decision-making by a covered entity or person. Moreover, decisions about allocation of resources to combat COVID-19, such as PPE, are covered under the PREP Act when such decisions are made by program planner. Another example is the inability to access Covid-19 tests.

By the statute's own language, "[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, and action by the Secretary under this subsection." 42 U.S.C. 247d-6d(b)(7) (Referring to subsection concerning Secretary's authority to issue declarations implementing PREP Act). Here, because the Secretary of HHS has the authority to make determinations with respect to an ongoing public health emergency and to deploy the PREP Act to combat it without judicial review, these HHS authorities are controlling.

Additionally, to combat the transmission of the virus, the Defendants utilized personal protective equipment (PPE) in the forms of masks (including surgical, N95 and KN95), shields, gloves and gowns, as well as FDA approved medications and products, among other things which are specifically recognized as covered countermeasures. Claims that a program or protocol designed to combat the virus were inadequate do not disqualify the covered entity from immunity.

Even plaintiff's attempt to circumvent the application of the PREP Act by alleging willful conduct and gross negligence fails because she has not exhausted administrative remedies by applying to the CICP for compensatory damages for the alleged injuries and death. "The PREP Act explicitly creates 'an exclusive Federal cause of action' for willful misconduct," which the plaintiff may bring "only in the U.S. District Court for the District of Columbia." Estate of Maglioli v. Alliance HC Holdings LLC, 16 F.4th 393, 408-09 (3d Cir. 2021).

Defendants realize The Second Circuit recently addressed the issue in Solomon v. St. Joseph Hosp., No. 21-2729, 2023 WL 2376207, --- F.4th ---- (2d Cir. Mar. 7, 2023). There, the court reasoned that the state law claim did not "fit within" the exclusive federal cause of action for "willful misconduct" created by the PREP Act and therefore was not "completely preempted" by the Act. Id. at *4. As of this date, the deadline for a petition for en banc rehearing of the Solomon decision has not yet expired. Moreover, the Second Circuit is holding other appeals in abeyance pending a final decision in Solomon and thus may still issue clarification. See Leroy v. Hume, No. 21-2158 (2d Cir.), and Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr., No. 21-2164 (2d Cir.).

In conclusion, defendants Cabrini of Westchester and St. Cabrini Nursing Home request that this Court stay the above-referenced case, pending resolution of appeals pending before the United States Court of Appeals for the Second Circuit in the matter captioned Solomon v. St. Joseph Hospital (Docket 21-2729), Rivera-Zayas v. Our Lady of [Consolation] (Docket 21-2164) and Leroy v. Hume (Docket 21-2158, 21-2159).

We appreciate Your Honor's consideration, and will make ourselves available to discuss this request at the court's convenience.

1133 Westchester Avenue | White Plains, NY 10604 | p 914.323.7000 | f 914.323.7001 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

281416740v.1

          Respectfully,

          Janine A. Mastellone

          Wilson Elser Moskowitz Edelman and Dicker LLP

cc: Joseph Ciacco – Napoli Shkolnik, PLLC (*via email and ECF*)
Brett R. Leitner – Leitner Varughese Warywoda, PLLC (via email and ECF)

1133 Westchester Avenue | White Plains, NY 10604 | p 914.323.7000 | f 914.323.7001 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

281416740v.1