

Joseph L. Ciaccio
Personal Injury Managing Partner
JCiaccio@NapoliLaw.com

March 29, 2023

**VIA CM/ECF**
Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re: *Est. of Michael Cruise v. Cabrini of Westchester and St. Cabrini Nursing Home*
Case No. 7:23-cv-02462-PMH

Your Honor:

This office represents Plaintiff in the above referenced matter. The undersigned submits this letter pursuant to this Court's Order dated March 28, 2023, directing Plaintiff to respond to Defendant's request to stay this action pending the resolution of the appeals of *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.) and *Rivera-Zayas v. our Lady of Consolation Geriatric Care Center*, No. 21-2164, currently pending before the Second Circuit. (Dkt. 6). In light of the recent decision issued by the United States Court of Appeals for the Second Circuit in *Solomon v. St. Joseph Hospital et al*, No. 21-2729,--F.4th---, 2023 WL 2376207 (2d Cir. Mar. 7 2023) ("*Solomon*"), Plaintiff submits that the Court should deny defendant's request and instead issue an order remanding the case to state court due to lack of subject matter jurisdiction. See, Exhibit A.

**A. The issue of whether the PREP Act w[as]
state law-based claims was definitiv[ely]
*supra***

There is an overwhelming consensus am[ong]
of negligence and wrongful death brought agai[nst]
spread of COVID-19, like those that Plaintiff al[leges]
claims under the PREP Act. *See, Cagle v. NH[...]*
2833986 (E.D. Missouri, July 20, 2022); *LeC[...]*
(Dist. N.J., July 18, 2022); *Est. of Martineau v.[...]*
WL 2302693 (E.D. Wisconsin, June 27, 2022)[...]
(C.D. California, June 27, 2022); *Est. of Spri[...]*
Ohio, April 14, 2022); *Anson v. Hcp Prairie V[...]*
2021 WL 308156, at 9-11 (D. Kan. Jan. 29, 20[...])

Until *Solomon*, supra, the Third, Fifth, S[...]
U.S. Courts of Appeals to have reviewed PRE[P Act...]
These federal appellate courts had all affirmed [...]

---

With respect to Plaintiff's request for leave to move to remand this action to State Court, the Court's Individual Practices do not require a pre-motion letter prior to filing such a motion. However, counsel should note that the Court, in its discretion, may construe a pre-motion letter as the motion itself and resolve same without full briefing of a motion. *See* Individual Practices Rule 2(c). Accordingly, Plaintiff may, if it be so advised, file a pre-motion letter raising therein all arguments it deems necessary, or a motion to remand by 4/17/2023; defendants' response thereto shall be filed by 5/1/2023; and plaintiffs may file reply, if any, by 5/8/2023. A telephone conference is scheduled for 5/31/2023 at 11:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code: 3456831.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
March 30, 2023

Case 7:23-cv-02462-PMH Document 8 Filed in NYSD on 03/29/2023 Page 2 of 5



courts due to lack of subject matter jurisdiction (see, *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393 (3rd Cir. 2021); *Mitchell v. Advanced HCS, LLC*, 28 F.4th 580 (5th Circ. 2022); *Hudak Est. of Kaballa v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 854-57 (6th Cir. 2023); *Martin v. Petersen Health Operations LLC*, 37 F.4th 1210 (7th Cir. 2022); and *Saldana v. Glenhaven Healthcare LLC,* 27 F.4th 679 (9th Cir. 2021). On March 7, 2023, the United States Court of Appeals for the Second Circuit joined the Third, Fifth, Sixth, Seventh, and Ninth Circuits in deciding that removal to federal court grounded on the PREP-Act was improper because the district court lacked subject matter jurisdiction.

### B. Solomon v. St. Joseph Hospital

The plaintiff in *Solomon* originally filed his complaint in New York State court bringing forth state-law causes of action for malpractice, negligence, and gross negligence, related to injuries he sustained at St. Joseph Hospital after he was admitted with a positive COVID-19 diagnosis in March 2020. See, *Solomon*, supra. Defendants St. Joseph Hospital and Catholic Health System of Long Island, Inc. removed the case to the Eastern District of New York and immediately moved to dismiss the complaint for lack of subject matter jurisdiction, asserting state and federal immunities under the Emergency or Disaster Treatment Protection Act ("EDTPA"), N.Y. Pub. Health Law §§ 3080-3082, and the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e. *Id*. After removal, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) alleging they were immune from liability pursuant to both the EDTPA and PREP Act. *Id*. As it pertains to the PREP Act, the *Solomon* defendants argued that plaintiff's injuries were "inextricably intertwined with the use of a covered countermeasure", thus, they argued, the PREP Act applied and, therefore, they should be considered immune from liability. *Id*. The district court denied the motion to dismiss finding that Solomon's claims "did not fall within the immunity provision of the PREP Act". *Id*. The district court also found that Solomon had "sufficiently pleaded a claim for gross negligence", thereby denying their motion to dismiss as to the EDTPA also. *Id*.

The *Solomon* defendants appealed to the Second Circuit arguing for federal jurisdiction. Specifically, they argued that federal jurisdiction was proper because: "(1) the PREP Act preempted state law, (2) the federal-officer removal statute permitted removal, and (3) the case implicated substantial federal issues." *Id*. Although the plaintiff in *Solomon* did not object to removal, the Second Circuit correctly considered necessary to determine, *sua sponte*, "whether there is a factual basis to support subject-matter jurisdiction". *Id*. See, *Platinum- Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616 (2d Cir. 2019). In its analysis, the Second Circuit concluded that Solomon's "state-law claims were not completely preempted by the PREP Act", that "there [was] no jurisdiction under the federal-officer removal statute because defendants did not 'act under' a federal officer", and that Solomon's claims did "not 'arise under' federal law**".** *Id*.

### *The 'complete preemption' argument was rejected by the Second Circuit.*

In *Solomon*, the Second Circuit concluded that the PREP Act's exclusive federal cause of action is only for 'willful misconduct' and that state-law claims for malpractice, negligence, and gross negligence do not fall "within its scope". *Id*. To establish complete preemption, Defendants

2



must first show that the PREP Act "preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action." *Id*. (quoting *Briarpatch Ltd. V. Phoenix Pictures Inc.*, 373 F.3d 296, 305 (2d. Cir. 2004)).

Per the court, "[n]egligence and gross negligence do not rise to the level of willful misconduct, which the PREP Act defines as 'a standard for liability that is more stringent than a standard of negligence *in any form*.' 42 U.S.C. § 247d-6d(c)(1)(B) (emphasis added)". *Id*. As pointed out by the Second Circuit, "nothing in the PREP Act suggests that Congress was attempting also to eliminate state-law causes of action for non-immunized claims". *Id*.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Solomon,* supra *(*quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)*).* "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* Added the Second Circuit that "immunity has no bearing on complete preemption, which is a *jurisdictional* doctrine, not a preemption-defense doctrine". *Id*. As a result, concluded the Second Circuit, plaintiff's claims could not be removed to federal court under the complete preemption doctrine.

### ***Courts owe no deference to agency interpretations on federal court jurisdiction.***

The Second Circuit also addressed and rejected the arguments related to the advisory opinions issued by the HHS Secretary and the Office of General Counsel which viewed the PREP Act as a complete preemption statute, stating that the courts "do not defer to the agency's interpretation of an unambiguous statutory provision concerning the scope of federal jurisdiction. *See, e.g.*, *Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469, 478 (2d Cir. 2006) (Leval, *J.*, concurring)". *Id*.

### ***Federal officer removal statute did not apply because defendants were not acting under a federal officer.***

Third, the Second Circuit concluded that the argument stating defendants "'act under' a federal officer for purposes of the PREP Act is meritless", adding that "[d]efendants do not 'act under' a federal officer simply because they operate in a heavily regulated industry". *Id*. "Defendants may be subject to federal regulations and guidance governing the care they provide (including in connection with COVID-19), but that does not mean that they "act under" a federal officer". *Id*.

As stated by the Second Circuit, "[a]lthough the words "acting under" are broad, "broad language is not limitless." Id. (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007)). "[T]he private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior" and "does *not* include simply *complying* with the law." *Id.* "As other courts of appeals have held, '[i]t cannot be that the federal government's mere designation of an industry as important—or even critical—is sufficient to federalize an entity's operations and confer federal jurisdiction.' *Saldana*, 27 F.4th at 685 (quoting *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 740 (8th Cir. 2021))." *Id*.

3



*No questions of federal law raised in complaint alleging state-law causes of action.*

Lastly, the Second Circuit rejected the notion that a complaint raising state law claims under New York law, on its face, raises questions of federal law. "To determine whether an issue is "necessarily raised" we consider whether "a right or immunity created by the Constitution or laws of the United States is an element, and an essential one of the plaintiff's causes of action." (quoting *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021). *Id.* "[E]ven where a claim finds its origins in state rather than federal law," "arising under" jurisdiction still lies in "a special and small category of cases" in which the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). While recognizing the *Solomon* defendants' attempts to avail themselves of PREP Act immunity, the Second Circuit reasoned that their "inquiry must be unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* As a result, the court concluded that a complaint alleging only state-law claims did not "necessarily raise" a federal issue that would warrant removal to federal court. *Id.*

C. **Federal district courts in New York have reached the same conclusion as the Second Circuit in *Solomon***

In *Shapnik v. Hebrew Home for the Aged at Riverdale*, 535 F.Supp.3d 301, 317 (S.D.N.Y. 2021), this Southern District had the opportunity to consider these issues and concluded that the PREP Act did not apply to state-law based claims brought against nursing homes, stating that the Court "thus joins the "growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19, like those that Plaintiff[s] allege[ ], are not properly characterized as federal law claims under the PREP Act." *Shapnik*, supra, at 322. The *Shapnik* court also decided that the PREP Act did not contain a "separate cause of action for punitive damages under New York law". See, *Shapnik*, supra, at 317.

The Northern District of New York reached the same result when it decided the case of *Krol v. The Cottages at Garden Grove*, 2022 WL 3585766 (N.D.N.Y. Aug. 22 2022), where it concluded that removal was not proper and ordered the remand of the case to State court because it did not have jurisdiction over the claims raised by plaintiff. In its analysis, the court determined, *inter alia*, that the claims brought by plaintiff were "not completely preempted by the PREP Act"*,* that the *Grable* doctrine did not support removal because the claims do "not necessarily raise issues of federal law", and that federal officer removal was improper because "there is no indication that [d]efendant had a special relationship with the federal government".

In *Aponte v. OLOC*, 2022 WL 17851799 (E.D.N.Y., Dec. 20, 2022), the Eastern District also ordered the remand of another case improperly removed by a defendant nursing home, stating that " a defendant cannot "evade [the well-pleaded complaint] rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis", that "the PREP Act does not exhibit the "extraordinary" preemptive force required for complete preemption" and "does not

4



allow claims within its scope to be brought in state or federal court", that "the PREP Act does not provide an exclusive cause of action for the claims within its scope", that the "PREP Act…is not an essential element of any of Plaintiff's state-law causes of action", and that the nursing home defendant were "not persons "acting under" a federal agency as a federal officer and [did] not otherwise qualify for federal-officer removal".

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co.,* 272 U.S., at 672, 47 S.Ct. 222. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.,* at 672–673, 47 S.Ct. 222; *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 1760, 173 L. Ed. 2d 550 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." See, *e.g., Clinton v. Jones,* 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936). *Nken,* supra, 433–34. The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion .... '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' " *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (quoting *United States v. Burr,* 25 F.Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)); *Nken*, supra, 434. Those legal principles have been filtered within four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton, supra,* at 776, 107 S.Ct. 2113; *Nken*, supra, 434.

Defendants cannot meet the burden of these four factors. The only U.S. Courts of Appeals that have reviewed these PREP Act-related matters (i.e., the Second, Third, Fifth, Seventh, and Ninth Circuits), have affirmed as correct all remands to their respective state courts and have rejected similar arguments raised by Defendants. Second, Defendants cannot show any irreparable injury absent a stay. Third, an issuance of a stay will harm the plaintiff as it may cause delays of over a year, substantially effecting plaintiffs right to pursue its action in addition to the availability of witnesses and evidence. Fourth, the public interest lies in these actions moving forward and not kept in limbo indefinitely.

Accordingly, Plaintiffs very respectfully request that this Court (i) deny the defendants' request for a stay, and (ii) issue an order setting a briefing schedule for plaintiff's motion to remand the case to state court due to lack of subject matter jurisdiction.

                Respectfully,

                Joseph L. Ciaccio

To: All parties of record via CM/ECF.