UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
The Estate of MICHAEL CRUISE, by her
Proposed Administrator, CHRISTINE
BRACKEN,

                                 Plaintiffs,

          -against-

CABRINI OF WESTCHESTER; and ST.
CABRINI NURSING HOME,

                              Defendants.
---------------------------------------------------------X

**ORDER**

23-CV-02462 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Defendants, on March 23, 2023, removed this action from Supreme Court, County of Westchester, to this Court, contending this Court has original jurisdiction under 28 U.S.C. § 1441(a) because Plaintiff's complaint asserts a claim that falls within the purview of the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, and removal is therefore proper under the doctrine of complete preemption. (Doc. 1). On March 28, 2023, Defendants requested that this Court stay the action or extend their time to answer the Complaint, on the grounds that appeals were pending before the Second Circuit Court of Appeals relating to "the scope and the breadth of the PREP Act in terms of subject-matter jurisdiction, embedded federal question jurisdiction, and federal officer removal jurisdiction." (Doc. 4). The appeals referenced by Defendants in their letter requesting a stay are the matters entitled *Rivera-Zayas v. Our Lady of [Consolation]*, bearing Docket No. 21-2164 ("*Rivera-Zayas*"), and *Leroy v. Hume*, bearing Docket Nos. 21-2158, 21-2159 ("*Leroy*"). (*See* Doc. 4). The Court denied the request to stay but extended Defendants' time to answer or otherwise respond to the Complaint under Rule 81(c). (Doc. 5).

On March 29, 2023, Plaintiff filed a letter opposing Defendants' request and indicated its intent to move to remand this action to State Court. (Doc. 7). The Court, on March 30, 2023, noted that although a pre-motion conference letter is not required under the Court's Individual Practices, Plaintiff could file a letter-motion in support of its application to remand in lieu of formal briefing, and that the Court could, in its discretion, construe such a letter-motion as the motion itself. (Doc. 8). The Court set a briefing schedule for Plaintiff's anticipated application. (*Id.*).

Today, the Second Circuit issued Summary Orders and Judgments in *Rivera-Zayas* and *Leroy*. In light of the Second Circuit's holdings that the PREP Act does not completely preempt a plaintiff's state law claims, that these state law claims do not arise under federal law under the "arising under" jurisdiction doctrine, and that the federal officer removal statute does not apply, the Court directs the parties, by April 17, 2023, to meet and confer in an effort to avoid motion practice and, if they be so advised, file an order and stipulation remanding this action to State Court. In the event the parties are unable to agree, Plaintiff's letter-motion (or motion) to remand shall also address the impact on this case of the recent Second Circuit decisions in *Rivera-Zayas* and *Leroy*.

Dated: White Plains, New York
       April 13, 2023

SO ORDERED:

_____
Philip M. Halpern
United States District Judge